**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHARLIE VAUGHN,                                                                    PETITIONER
ADC #84104

v.                                         5:17CV00087-DPM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                    RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

    The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

    If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    BACKGROUND

On March 25, 1991, Petitioner, Charlie Vaughn, pled guilty to first degree murder before the Dallas County Circuit Court.  (Doc. No. 1 at 1.)  He was sentenced to life in the Arkansas Department of Correction.  (*Id.*)  He unsuccessfully sought state and federal post-conviction relief through Rule 37 of the Arkansas Rules of Criminal Procedure and 28 U.S.C. 2254.  (Doc. Nos. 6-1, 6-2); *Vaughn v. Norris*, Case No. PB-C-95-401.  He has now filed a second Petition for Writ of Habeas Corpus challenging the same first degree murder conviction.  (Doc. No. 1.)  I note that in the instant Petition, Mr. Vaughn claims actual innocence.  But Respondent moves for dismissal of the Petition, stating he must first receive authorization from the United States Court of Appeals for the Eighth Circuit to file a successive petition.  For the following reasons, I agree, and recommend the Petition be dismissed without prejudice until authorization to proceed is obtained from the Eighth Circuit.

## II.    DISCUSSION

Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second

or successive habeas petition.  *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011).  Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition.  *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007).

The claims Mr. Vaughn now asserts in this second Petition were not alleged in his previously filed habeas petition and shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Mr. Vaughn's Petition suggests that he may be able to satisfy the provisions in section (B)(ii) above, but section (B)(3) still requires him to "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  The United States Supreme Court summarized this provision in the law as follows:

> The relevant provisions of the AEDPA-amended habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1).  Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2).  Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 529-530 (2005).

After careful review, I find the language of 28 U.S.C. § 2244(b) is binding and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition.  28 U.S.C. § 2244(b)(3); *see also Williams*, 658 F.3d 853 ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing.").   There is nothing in the record to indicate Mr. Vaughn sought and received authorization from the Eighth Circuit before filing this successive Petition.  He must apply for, and receive, this permission before filing any habeas corpus petition that challenges his 1991 conviction.

Therefore, I find this Court does not have jurisdiction over Mr. Vaughn's claims. I recommend dismissal without prejudice so Mr. Vaughn may refile his Petition should the Eighth Circuit grant him permission to proceed.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Vaughn's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice, and the requested relief be DENIED.

DATED this 24th day of May, 2017.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE